J-S05005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :         PENNSYLVANIA
                                          :
            v.                           :
                                          :
                                          :
JEFFREY EDWARD ODOM             :
                                          :
             Appellant         :    No. 1391 MDA 2019

Appeal from the PCRA Order Entered July 1, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001516-2017

BEFORE: SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:               **FILED APRIL 15, 2021**

Appellant, Jeffrey Edward Odom, appeals from the July 1, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Appellant's PCRA counsel has filed an application for leave to withdraw as counsel. After review, we grant counsel's application to withdraw and affirm the order of the PCRA court.

On March 12, 2018, Appellant pled guilty to persons not to possess a firearm, simple assault, and recklessly endangering another person ("REAP").[1] On June 18, 2018, the trial court sentenced Appellant to serve a term of four to ten years of incarceration for persons not to possess a firearm, one to two years of incarceration for simple assault, and one to two years of incarceration

_____

[1] 18 Pa.C.S. §§ 6105(a)(1), 2701(a)(3), and 2705, respectively

for REAP. Appellant was sentenced to an aggregate sentence of five to twelve years of incarceration. Appellant did not file a direct appeal.

Appellant filed a counseled PCRA petition on December 28, 2018. Following a hearing, the PCRA court denied the petition on July 1, 2019. Prior to filing his appeal, Appellant's private counsel filed a motion to withdraw as counsel. The PCRA court granted counsel's motion to withdraw on July 31, 2019, without holding a hearing. Appellant filed a *pro se* appeal with this Court on December 6, 2019.

Initially, we were unable to reach the merits of the appeal because the PCRA court allowed Appellant's counsel to withdraw without conducting a hearing as required by **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. Super. 1998). Thus, we remanded the case for a **Grazier** hearing. **Commonwealth v. Odom**, 239 A.3d 55, 1391 MDA 2019 (Pa. Super. filed July 8, 2020) (non-precedential decision). Following remand and a **Grazier** hearing, the trial court appointed counsel to represent Appellant. Order, 8/4/20.

After seeking and receiving several extensions of time in which to file a brief, Appellant's counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and an application to withdraw as counsel with this Court on March 3, 2021 and March 4, 2021, respectively.[2] Before we review the merits

_____

[2] Counsel has requested leave to withdraw and erroneously filed a brief under **Anders**. However, because counsel is seeking to withdraw as PCRA counsel, the dictates of **Commonwealth v. Turner**, 544 A.3d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), are

of the instant appeal, we must first decide whether counsel has fulfilled the procedural requirements for withdrawing as counsel. ***Commonwealth v. Daniels***, 947 A.2d 795, 797 (Pa. Super. 2008). As we have explained:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [***Turner***, *supra* and ***Finley***, *supra* and] ... must review the case zealously. ***Turner/Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of ***Turner/Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (citing ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007)).

---

applicable. Because an ***Anders*** brief provides greater protection to Appellant, we may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** "no merit" letter. ***Commonwealth v. Reed***, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). For purposes of this appeal, we will refer to the brief filed by counsel as a "No-Merit Letter."

- 3 -

In the present case, counsel complied with the requirements for withdrawal from a collateral appeal. In the application to withdraw as counsel, counsel alleged that he thoroughly reviewed the record and all applicable law and determined that an appeal would be frivolous. Application for Leave to Withdraw as Counsel, 3/4/21, at unnumbered 2. He also set forth the issues relevant to the appeal and explained why the appeal is without merit. No-Merit Letter at 10-12. Finally, counsel sent Appellant a letter in which he advised Appellant he would seek permission to withdraw and informed Appellant of his rights. Counsel served a copy of the No-Merit Letter and the application for leave to withdraw as counsel upon Appellant as well. Thus, we will allow counsel to withdraw if, after our review, we conclude that the issues relevant to this appeal are without merit.

Appellant presents the following questions for our review:

1. Whether the [PCRA] court abused its discretion when it [failed to find] trial counsel ineffective for unlawfully inducing Appellant to plead open?

2. Whether the [PCRA] court erred when it denied Appellant's claim that trial counsel was ineffective for failing to present mitigating evidence at sentencing?

No-Merit Letter at 7.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014)

(*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Appellant's claims challenge the effective assistance of his plea counsel. Our Supreme Court has long stated that in order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001).

We have explained that counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Moreover, an appellant's counsel is presumed to be effective unless an appellant proves otherwise. ***Commonwealth v. Williams***, 732 A.2d 1167, 1177 (Pa. 1999). The right to effective assistance of counsel extends to the plea process. ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002). We have clarified, however, that:

> allegations of ineffectiveness with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the

defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Wah*, 42 A.3d 335, 338-339 (Pa. Super. 2012) (citations, brackets, and quotation marks omitted).

The PCRA court set forth the following analysis in its opinion:

[Appellant] testified that he entered a guilty plea to possession of a firearm prohibited, simple assault, and REAP, and that his plea counsel advised that his best offer would be to take an open plea. He acknowledged that at the time he entered his plea it was understood that the sentencing would be left to the discretion of the judge. [Appellant] specified that he had previously been sentenced in Lancaster on a case that was very similar to this case, and was told by counsel that the outcome here would be "more than likely" or "more or less" the same if he took an open plea. He also understood that the choice was his as to whether or not to go to trial. [Appellant] testified that, at sentencing, he was hoping for a concurrent sentence of no more than 4 to 8 years total, much like his Lancaster sentence. He also acknowledged that he was never promised a concurrent sentence by either the Commonwealth or by this [c]ourt, but said he was "led to believe" this "in a way" by his attorney. [PCRA Hearing, February 21, 2019, Notes of Testimony, pp. 4-8, 14]. [Appellant] also recognized that he entered a written guilty plea colloquy, and that the sentence he was hoping for was not part of the written colloquy. There was nothing in the paperwork that stated that the prosecution and [Appellant] had agreed that he would receive a particular sentence. [PCRA Hearing, 2-21-19, N.T., pp. 15-16].

Here, the record reflects that [Appellant's] plea was made knowingly, voluntarily, and intelligently. The colloquy reveals that he understood the plea and its consequences, and was not promised any particular sentence. *See Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at

his plea colloquy). In offering his own testimony that he was "led to believe" a certain sentence, "more or less," would be imposed, [Appellant] falls far short of proving that his plea was involuntary. There is no arguable merit to this ineffectiveness claim, and "counsel cannot be held ineffective for failing to pursue a meritless claim[.]" ***Commonwealth v. Hall,*** 867 A.2d 619, 632 (Pa. Super. 2005), *appeal denied*, 895 A.2d 549 (Pa. 2006).

PCRA Court Opinion, 7/1/19, at 3-4 (some citations and footnote omitted).

The PCRA properly found no merit to Appellant's claim. A review of the written plea colloquy makes clear that Appellant was aware of the maximum sentences he faced, and he had not entered into any agreements with the Commonwealth regarding sentencing. Guilty Plea Colloquy, 3/12/18, at 1, 4. We discern no error on the part of the PCRA court, and Appellant is due no relief on this claim.

In his second issue, Appellant asserts his counsel was ineffective for failing to present mitigation evidence regarding Appellant's mental-health diagnosis at sentencing. No-Merit Letter at 11. Appellant failed to include the specific issue in his Pa.R.A.P. 1925 concise statement of matters raised on appeal. Indeed, at no point in his concise statement, PCRA petition, at the PCRA hearing, or in his appellate PCRA brief did Appellant posit that his counsel was ineffective for failing to present evidence regarding Appellant's mental health. Instead, Appellant argued that his counsel was ineffective for failing to call any witnesses at his sentencing, specifically, his wife, Tiffany Odom. Even if we liberally construe this issue as an assertion that his wife

would have presented mitigation testimony, we conclude this issue lacks merit.

The trial court noted that it had received and considered the letter from Ms. Odom. PCRA Court Opinion, 7/1/19, at 5 (citing N.T. (sentencing), 6/8/18, at 11)). Appellant has not identified any other evidence his plea counsel neglected to present at sentencing, and therefore, he cannot show that the counsel was ineffective in failing to present that evidence. "Moreover, prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Commonwealth v. Spotz*, 896 A.2d 1191, 1226 (Pa. 2006). As our Supreme Court has long stated, claims of ineffective assistance of counsel are not self-proving. *Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002). A PCRA petitioner must present appropriate argumentation relative to all three prongs of the ineffectiveness standard. *Commonwealth v. D'Amato*, 856 A.2d 806, 812 (Pa. 2004). Appellant has failed to make appropriate argumentation; therefore, he cannot show the PCRA court erred and is due no relief.

Furthermore, after our independent review, we conclude no relief is due because the PCRA court's determinations are supported by the record and free of legal error. Having determined that Appellant is not entitled to PCRA relief, we allow counsel to withdraw under the precepts of *Turner/Finley*.

Application for leave to withdraw as counsel granted.  Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/15/2021